**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**

Civil Action No. 1:15-cv-02666-DME-CBS

VIDSTONE, LLC, a Florida limited liability company doing business as Atshore Services,

    Plaintiff,

v.

CARNIVAL CORPORATION, a Republic of Panama corporation, and
ON CALL INTERNATIONAL, LLC, a Delaware corporation,

    Defendants.

---

**ORDER**

---

This matter comes before the Court on Plaintiff Vidstone, LLC's unopposed motion to remand this case to state court for lack of subject matter jurisdiction. (Doc. 31.) Because this case was removed from state to federal court based on federal courts' diversity jurisdiction, see 28 U.S.C. § 1332(a), the Court previously requested briefing to clarify the parties' citizenship. (Doc. 35.) After considering that briefing, the Court remains unable to determine whether the parties are diverse. Therefore, as explained in greater detail below, the Court directs the parties to address further whether this Court has diversity jurisdiction over this litigation.

**I. DISCUSSION**

For this Court to have diversity jurisdiction, "there must be 'complete diversity between'" Plaintiff Vidstone and both Defendants. Middleton v. Stephenson, 749 F.3d

1197, 1200 (10th Cir. 2014). There are two problems with determining whether there is complete diversity here.

First, Vidstone moved for a remand to state court, asserting that there is not complete diversity because Vidstone and Defendant Carnival Corporation ("Carnival") are both citizens of Florida. Based on the information in the parties' pleadings, Defendant Carnival, by statute, is a citizen of Panama (where it was incorporated) and a citizen of Florida (where its principal place of business is located). See 28 U.S.C. § 1332(c)(1). But Vidstone has not established that it is a citizen of Florida for diversity purposes.

Vidstone is a limited liability company. (Doc. 36 at 1.) A limited liability company, as an unincorporated business entity, takes the citizenship of all of its members. See Mgmt. Nominees, Inc. v. Alderney Invs., LLC, —F.3d—, 2016 WL 683836, at *1 (10th Cir. Feb. 19, 2016); Siloam Springs Hotel, L.L.C. v. Century Sur. Co., 781 F.3d 1233, 1234 (10th Cir. 2015); 13F Charles Alan Wright, Arthur Miller & Edward H. Cooper, Federal Practice & Procedure § 3630.1, p, 241 (3d ed. 2009); see also Americold Realty Trust v. Conagra Foods, Inc., —S. Ct.—, 2016 WL 854159, at *2 (Mar. 7, 2016) (No. 14-1382) ("While humans and corporations can assert their own citizenship, other entities take the citizenship of their members."); Carden v. Arkoma Assocs., 494 U.S. 185, 195-96 (1990).

Vidstone's contention, that it is a citizen of Florida because it is a limited liability company organized under Florida law and Florida law treats a limited liability company as distinct from its members, is unavailing. See Americold Realty Trust, 2016 WL

854159, at *4 (stating that, even where state law treats a business "as a separate legal entity," it still "possesses the citizenship of its members" "[s]o long as such an entity is unincorporated"); see also Mgmt. Nominees, 2016 WL 683836, at *3 (citing Carden, 494 U.S .at 195-96); Siloam Springs Hotel, 781 F.3d at 1236-38.  The relevant question for determining a business entity's citizenship for purposes of diversity is whether the entity "has been formed as a traditional corporation under the relevant state law."  Mgmt. Nominees, 2016 WL 683836, at *3 (citing Carden, 494 U.S. 185); see also Americold Realty Trust, 2016 WL 854159, at *4.  If not, the unincorporated entity takes the citizenship of all its members.  See Americold Realty Trust, 2016 WL 854159, at *4; see also Carden, 494 U.S. at 195-96; Mgmt. Nominees, 2016 WL 683836, at *1; Siloam Springs Hotel, 781 F.3d at 1234.

Vidstone has not asserted that it has been incorporated as a traditional corporation under Florida law.  Therefore, Vidstone is a citizen where all of its members are citizens.

Vidstone asserts that its sole member is a resident of Colorado.  (Doc. 36 at 2.)  But "[a]n individual's residence is not equivalent to his domicile and it is domicile that is relevant for determining citizenship."  Siloam Springs Hotel, 781 F.3d at 1238.  "[A] person acquires domicile in a state when the person resides there and intends to remain there indefinitely."  Middleton, 749 F.3d at 1200.  The first problem with determining whether there is complete diversity in this case between Vidstone and both Defendants is that, because it is not clear where the sole member of Plaintiff Vidstone is domiciled, it is not clear where in what state Vidstone is a citizen.

The second problem with determining whether there is complete diversity between Plaintiff Vidstone and both Defendants is that the Court currently has no information from which to determine where the members of the second Defendant, On Call, also an LLC are domiciled. The domiciles of Defendant On Call's members are necessary to determine where On Call itself is a citizen.

Because, for these reasons, the Court cannot determine whether there is complete diversity between Plaintiff Vidstone and both Defendants, Vidstone has failed to support its motion to remand by establishing that this Court lacks diversity jurisdiction. This Court, nevertheless, has a duty to assure itself that it has diversity jurisdiction to hear this case. And it is the party invoking diversity jurisdiction—here, Defendant On Call, which removed this case from state to federal court—that "bears the burden of proving its existence," Middleton, 749 F.3d at 1200.

## II. CONCLUSION

Accordingly, the Court directs Defendant On Call, within ten days of the date of this order, to file a brief of no more than five pages, addressing its citizenship and any other matter relevant to the question of whether this Court has diversity jurisdiction over this case. Plaintiff Vidstone shall file a response brief, of no more than five pages, within ten days of the date Defendant On Call files its brief, addressing Vidstone's citizenship, as well as any other matter relevant to the question of whether this Court has diversity jurisdiction. Defendant Carnival shall also file a brief, of no more than five pages, within ten days of the date that Plaintiff Vidstone files its brief, addressing any matter relevant to whether this Court has diversity jurisdiction.

Dated this __14th__ day of _____March__, 2016.

BY THE COURT:

*s/ David M. Ebel*

_____
U. S. CIRCUIT COURT JUDGE