**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Action No. 1:15-cv-02666-DME-CBS

VIDSTONE, LLC, a Florida limited liability company doing business as Atshore Services,

    Plaintiff,

v.

CARNIVAL CORPORATION, a Republic of Panama corporation, and
ON CALL INTERNATIONAL, LLC, a Delaware corporation,

    Defendants.

---

**ORDER DENYING REMAND**

---

    Defendant On Call International, LLC ("On Call") removed this case from Colorado state court to federal court based on federal courts' diversity jurisdiction, 28 U.S.C. § 1332(a).  This matter is now before the Court on Plaintiff Vidstone, LLC's motion to remand for lack of diversity jurisdiction.  (Doc. 31.)  The Court requested briefing, and the responding briefs all revealed that the parties are diverse: Plaintiff Vidstone is a limited liability company whose sole member is domiciled in Colorado; Defendant Carnival Corporation is incorporated in Panama and has its principal place of business in Florida; and Defendant On Call is a limited liability company whose sole member is domiciled in New Hampshire.[1]  (Docs. 40-42.)  See 28 U.S.C. § 1332(c)(1); Mgmt. Nominees, Inc. v. Alderney Invs., LLC, —F.3d—, 2016 WL 683836, at *1, *3

---

[1] On Call International, LLC, though designated a limited liability company, asserts that it "is a Delaware corporation, with its principal place of business in New Hampshire." (Doc. 40 at 1.)  Even if On Call is a corporation rather than an LLC, its citizenship is still diverse from Plaintiff Vidstone's Colorado citizenship.

(10th Cir. Feb. 19, 2016); Siloam Springs Hotel, L.L.C. v. Century Sur. Co., 781 F.3d 1233, 1234, 1236-38 (10th Cir. 2015). Because there is complete diversity between Plaintiff Vidstone and Defendants, and there is more than $75,000 at issue, the Court has diversity jurisdiction over this case pursuant to 28 U.S.C. § 1332(a). Vidstone's motion to remand for lack of subject matter jurisdiction is, therefore, DENIED.

This case has been stayed pending resolution of the remand motion. That stay (Doc. 34) is now VACATED.

In its motion for a stay, Vidstone asked that, if the Court disagreed that a remand is in order, as it now has, then Vidstone requests a fourteen-day extension to respond to On Call's previously filed motion to dismiss. (Doc. 32 ¶ 3.) That request is GRANTED; Vidstone's response to On Call's motion to dismiss is due fourteen days from the date this order is entered. On Call may file a reply "no later than 14 days after the date of service of [Vidstone's] response." D.C.Colo.LCivR 7.1(d).

The Court acknowledges the parties' assertion that Plaintiff Vidstone and Defendant On Call have reached a settlement and, on that basis, Plaintiff Vidstone will soon move to dismiss its claims against On Call.

Dated this __24th__ day of _____March_____, 2016.

BY THE COURT:

*s/ David M. Ebel*

U. S. CIRCUIT COURT JUDGE